UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael D. James, | ) C/A No. 9:14-3582-TLW-BM |
|                         Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Daniel Cotter, *Perry CI Officer*; Coach Robertson, *Perry Basketball Coach*; DHO Glidewell, *Disciplinary Hearing Officer*; Larry Cartledge, *Perry CI Warden*; Ann Hallman, *Chief Grievance Coordinator*, | ) |
|                         Defendants. | ) |

The Plaintiff, Michael D. James, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Broad River Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). Plaintiff seeks monetary damages for alleged violations of his constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a



pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff alleges that his Fifth, Eighth, and Fourteenth Amendment rights were violated as to his January 2014 disciplinary conviction for conspiracy to smuggle contraband (that Plaintiff spoke on the telephone about plans to have contraband thrown over the prison gates). He was sentenced to eight months in solitary confinement; lost forty days of good time credits; had his canteen, visitation, and telephone privileges suspended for eight months; and had his privileges suspended for an additional six months. Plaintiff also claims he suffered a serious injury because he was not able to complete a brick mason class, was placed in solitary confinement (where he could not move around and exercise), and was not able to call his family or receive visits which weakened his family bond. Plaintiff requests compensation of $500,000.

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of a conviction or duration of a sentence, unless the



prisoner can demonstrate that the conviction or sentence has been previously invalidated. The Supreme Court subsequently extended the holding in Heck to a prisoner's claim for damages regarding loss of good time credits. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) [A "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."]; see also Edwards v. Ogunsile, No. 0:09-3319-TLW-PJG, 2011 WL 779884 at *3 (D.S.C. Jan. 24, 2011)["The rule in Heck applies to prison disciplinary convictions as well as criminal ones."], adopted by 2011 WL 780540 (D.S.C. Feb. 28, 2011); Bryan v. SCDC, No. 3:08-cv-846-RBH, 2009 WL 3166632 at *5 (D.S.C. Sept. 29, 2009) [noting that a § 1983 claim for injunctive relief related to a disciplinary hearing is also barred by Heck where a judgment in the plaintiff's favor would imply the invalidity of the disciplinary proceedings (citation omitted)].

While Heck does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affected credits toward release based on good time served, Heck bars the § 1983 claim if the plaintiff has not previously successfully challenged the conviction. Cf. Muhammad v. Close, 540 U.S. 749, 751 (2004) ["Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."]. Here, Plaintiff admits he lost forty days of good time credits as a result of his disciplinary conviction. See ECF No. 1 at 8. Even though Plaintiff does not specifically ask for restoration of his good time credits,[1] a finding that he is entitled to monetary damages based on

---

[1]To the extent that Plaintiff may be seeking a reinstatement of his good time credits, which would reduce the length of his prison term, he is seeking a determination that he is entitled to "a
(continued...)



3

the due process violation's alleged[2] would necessarily imply that his disciplinary conviction (in which good time credits were taken from him) was invalid. Therefore, as Plaintiff provides no facts to indicate that his disciplinary conviction has been overturned, the favorable termination

---

[1](...continued)
speedier release from imprisonment," and in Heck the Supreme Court reiterated that release from prison is a remedy available only in a habeas action. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact and duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481. In Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of Preiser and Heck as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in some other action. In South Carolina, Plaintiff would need to pursue the matter through a South Carolina Administrative Law Court ("ALC") appeal prior to filing a habeas action in this court. See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007)[reaffirming that, under the Administrative Procedures Act, the Administrative Law Court "has jurisdiction over all inmate grievance appeals that have been properly filed"], abrogated by, Howard v. S.C. Dep't of Corrs., 733 S.E.2d 211, 215–18 (S.C. 2012)[interpreting a post-Furtick statutory amendment to S.C. Code Ann. § 1-23-600(D) and holding that the ALC lacked jurisdiction over an inmate's appeal involving the loss of the opportunity to earn sentence-related credits and no state-created property or liberty interest]; see also Dicks v. South Carolina Dep't of Corr., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490–91 (1973); see also Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va.1984) ["Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915[] finding a complaint frivolous." (citations omitted)]. Plaintiff asserts that he filed a grievance with SCDC and received a final agency answer or determination concerning this matter on September 4, 2014, but there is no indication he appealed the result to the state administrative law court. See ECF No. 1 at 2, ECF No. 1-1 at 1.

[2]Plaintiff alleges that he was denied due process in his prison disciplinary proceedings because the notice of his hearing contained the wrong incident date (the notice charged that the incident occurred on December 23, 2013, but Plaintiff's accuser stated at the hearing that the incident occurred on December 5, 2013), Plaintiff prepared evidence based on the date of December 23 and thus was not prepared to present evidence as to an alleged incident that occurred on December 5, and Plaintiff's accuser did not present any evidence.

4

requirement of Heck applies in the instant circumstance, and Plaintiff's claims for damages against the Defendants are barred by the holdings in Heck and Edwards.

Finally, it is noted that in the relief section of his complaint, Plaintiff requests compensation for having been placed in solitary confinement for eight months, having his phone and visitation privileges suspended for well over a year which weakened the bond he had with his family, for not being able to complete a brick mason class, and for not being able to move around and exercise. ECF No. 1 at 11. Although a plain reading of the complaint appears to tie these claims to Plaintiff's disciplinary conviction,[3] to the extent Plaintiff is attempting to assert a separate claim, apart from his conviction, concerning the conditions of his confinement while in solitary, he fails to state a claim. Initially, he has not alleged any serious or significant injury from such confinement. See Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993)[ A plaintiff must also "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."]. Plaintiff also fails to state a claim concerning not being able to complete the brick mason class, as he has no right to vocational programs. See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988)[state has no constitutional obligation to provide basic educational or vocational training programs to prisoners](citing Newman v. State of Alabama, 559 F.2d 283, 292 (5th Cir. 1977), rev'd in part on other grounds sub nom., Alabama v. Pugh, 438 U.S. 781 (1978)). Plaintiff also fails to show that he has a liberty interest in making phone calls. See U.S. v. Alkire, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr.10, 1996)[no constitutional right to the use of a telephone in prison]; Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995)[Table]. ["The denial of telephone privileges for ten days is not a matter of constitutional dimension."], cert. denied, 517 U.S. 1111

---

[3]No separate factual allegations relating to these claims are presented in the Complaint.

5

(1996); May v. Baldwin, 895 F. Supp. 1398, 1409 (D.Ore. 1995)[brief suspension of television and telephone privilege does not amount to constitutional violation], aff'd, 109 F.3d 557 (9th Cir. 1997), cert. denied, 522 U.S. 921 (1997). Additionally, neither prisoners nor would-be visitors have a constitutional right to visitation. White v. Keller, 438 F.Supp. 110, 115 (D.Md.1977) [but leaving open the possibility that a permanent ban on all visitation could implicate the Eighth Amendment], aff'd, 588 F.2d 913 (4th Cir.1978); see also Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 461, (1989)[finding no right to visitation guaranteed by the Due Process Clause].

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 19, 2014
Charleston, South Carolina

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



7